## MARQUIS V. LAURETSON.

1. **Contract:** OF ARCHITECT : PERFORMANCE : CONFLICTING FINDINGS. The court found that the building contemplated in an architect's contract was to cost ten thousand dollars, and that the plans prepared were in compliance with the contract. It was objected that these findings were conflicting, because the evidence showed that a building erected according to the plans would cost sixteen thousand dollars. But *held* that the further evidence of the architect that the plans were modified, before acceptance, so as to apply to a ten thousand dollar building, was sufficient to remove the apparent conflict.

2. —— : —— : DELIVERY OF PLANS : DEMAND. In an action to recover for the services of an architect done under contract, a failure to deliver the plans prepared by him in part performance of the contract will not defeat his recovery, where no demand is alleged, and the failure so to deliver is not made an issue.

3. —— : —— : PAROL TO VARY WRITING. A written contract with an architect to furnish plans, etc., for a building, for a certain named consideration, when clear in all its terms, cannot be varied by parol so as to engraft thereon the condition that he was not to be paid for his services unless the other party procured a loan with which to erect the building.

4. —— : —— : BREACH : MEASURE OF DAMAGES. An architect's contract was to prepare plans and specifications, superintend work, and audit and settle all accounts. He was to be paid one-third of the contract price when the plans and specifications were done, and the rest in two other equal installments. The building was never begun. *Held* that the contract price was entire, and that he was entitled to recover the reasonable value of the services rendered, though that amounted to more than one-third of the whole price.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, OCTOBER 24, 1888.

ACTION to recover for services rendered by the assignors of plaintiff. There was a trial to the court and a judgment for plaintiff. The defendant appeals.

Marquis v. Lauretson.

*W. G. Harvison,* for appellant.

*Henry S. Wilcox,* for appellee.

ROBINSON, J.—The plaintiff seeks to recover upon an agreement, in writing, the parts of which material to a decision of the cause are as follows : "For a compensation of three per cent. I propose to furnish preliminary sketches, complete working drawings and specifications, and general superintendence of building operation, and also to audit and make settlements of all accounts, for a three-story brick block. * * * Terms of payment as follows : One-third when general drawings are made ; one-third when building is enclosed ; the balance upon completion of building and settlement of all contracts. * * * My compensation is to be reckoned upon the cost of the building.

"W. L. PLACK, Architect.

"Approved and accepted, February 13, 1886.

"M. LAURETSON."

The petition alleges that Plack drew the plans and specifications, and did all other work named in the agreement which he could do, and was prevented from doing more because defendant decided not to build. It further alleges that the reasonable value of the services rendered was four hundred dollars, of which fifty dollars had been paid, and that the claim for the amount due is owned by plaintiff. The answer contains a general denial, and alleges that at the time the contract in suit was made, it was understood that the building would not be erected unless defendant obtained a loan ; that Plack's compensation was contingent upon such loan, and that it was not procured. The district court found specially that the estimated cost of the building contemplated was ten thousand dollars, and that Plack rendered services under the agreement of the value of two hundred and fifty dollars.

I. Appellant insists that the court, having found the estimated cost of the building to be but ten thous-

Marquis v. Lauretson.

**1. CONTRACT: of architect: performance: conflicting findings**

and dollars, erred in finding that the plans and specifications actually prepared were in compliance with the contract, for the reason that Plack testified that the cost of a building erected from the plans would be nearly sixteen thousand dollars. It is argued that a ten thousand dollar building could not be erected in accordance with the drawings made. The additional abstract of appellee shows that defendant testified that after the plans and specifications were prepared he refused to accept them, and thereupon Plack suggested the taking off of the fine work, the omitting of the stained glass and much of the stone-work, and making the plans apply to a building which would not cost over ten thousand dollars. Defendant then accepted the drawings and advertised for bids. We are of the opinion that this evidence explains the testimony of Plack, and shows that the two findings of the court are not in conflict with each other.

II. Appellant complains of the finding of the court because the plans and specifications prepared had not been delivered. No demand for the plans

**2. ——: ——: delivery of plans: demand.**

and specifications is alleged. Their preparation was but a part of the services which the contract required Plack to render, and their delivery was not made a condition precedent to recovery. The failure of Plack to deliver them is not made an issue in the case.

III. It is claimed that the court below erred in not permitting defendant to show that Plack was not to be paid for services he might render under the

**3 ——: ——: parol to vary writing.**

contract unless defendant procured a loan with which to erect the building. The terms of the contract in regard to time and amount of payment for services are not ambiguous. The proposed evidence would have contradicted the written contract by showing that, at the time it was made, the payments therein specified were not to be made as stated, but were to depend upon a condition not contained in the writing. It is true, a part of the services contemplated could not have been rendered unless the building was constructed,

but the contract did not provide for any conditions as to building. It was absolute in terms, the time within which the building was to be completed alone being undetermined. The first payment was to be made to Plack when the general drawings were made, without reference to any work to be done on the building itself. When defendant decided not to build at all, Plack became entitled to the value of the services he had rendered, and we do not think recovery therefor could be defeated by verbal proof of the facts alleged by defendant. Nothing in the case of *Keen v. Beckman*, 66 Iowa, 672, cited by appellant, is in conflict with this view.

IV. It is next claimed by appellant that the contract is severable, hence that the true measure of damages is not the one adopted by the circuit court, but one-third of the entire compensation provided for by the contract. It is true, it is provided that one-third of the agreed price shall be paid "when general drawings are made," but there is nothing in the record to indicate that such part of the price fixed was regarded as fair compensation for the drawings, while some of the evidence given indicates that it was not. We think the correct view is that the contract price was entire, but that it was to be paid in installments, at times fixed by the progress of the work. The case of *Dibol v. Minott*, 9 Iowa, 404, is in harmony with this conclusion.

4. ——:——:
breach:
measure of
damages.

We discover no prejudicial error in the record. The judgment of the circuit court is therefore

AFFIRMED.