C. J. BOWELL, Appellee, v. W. H. DRAPER, Appellant.

**Contracts:** PLEADINGS: WAIVER. Where, as in this action by an architect for compensation for preparing plans for a dwelling, the parties failed to agree upon what should be included in the plans, the defendant contending that they were to be for a complete dwelling including foundation, and plaintiff contending that the foundation was omitted therefrom by agreement, plaintiff was entitled to rely upon the elimination without pleading a waiver by defendant of such omission.

**Same:** EVIDENCE: PREJUDICE. It appeared in this action that the original agreement was for plans for a dwelling not to exceed a certain cost, but that subsequently the cost limit was abandoned by defendant and more expensive plans were prepared. *Held,* that plaintiff was entitled to recover even though he admitted in evidence that his original plans called for a less expensive dwelling. It is also held that as plaintiff was limited to a recovery based upon the cost of the dwelling as originally contemplated, defendant was not prejudiced by the fact that the plans called for a more expensive building.

**Same:** PERFORMANCE: WAIVER. Where, as in this action, the plaintiff delivered the plans to defendant, who took them away with him, but subsequently returned them stating that he could not use them because the contemplated building would cost too much,

and thereafter placed his lots on ·the market for sale, the plaintiff was relieved from tendering the same or doing anything further.

Same: EVIDENCE: CUSTOM. A custom will not be allowed to prevail over an express contract; but in this case defendant was precluded from showing a custom among architects to include a foundation for the building in the specifications, by reason of an admission made during the trial.

Same: EVIDENCE. Where it appeared, as in this case, that the original agreement contemplated plans for a dwelling not to cost more than a specified sum, and defendant objected to the cost of the building proposed by the plans, evidence that the architect offered to cut out certain things and scale down the cost was admissible.

Instructions: ASSUMPTION OF FACTS. An instruction may assume the truth of certain matters concerning which there is no dispute in the evidence.

Same: LAW OF THE CASE: DUTY OF JURY. The jury is required to follow the instructions of the court as the law of the case although the same may be erroneous.

Appeal: VERDICT UPON CONFLICTING EVIDENCE. A verdict rendered upon conflicting evidence will not be disturbed although the appellate court might have reached a different conclusion.

New trial: MISCONDUCT: REVIEW. Where the trial court overrules a motion for a new trial on the ground of misconduct in argument, without making an express finding as to what was said by counsel, the appellate court will assume that he found the truth to be as stated in the affidavit of counsel for the successful party, disclosing an absence of misconduct.

*Appeal from Shenandoah Superior Court.*—HON. W. P. FERGUSON, Judge

SATURDAY, DECEMBER 17, 1910.

ACTION to recover compensation for architect's services rendered defendant at his instance and request. Defendant filed an answer and counterclaim and under the issues tendered the case was tried to a jury, resulting in a verdict

and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Earl R. Ferguson* and *C. R. Barnes,* for appellant.

*D. L. Wilson,* for appellee.

Deemer, C. J.—As the questions presented for decision depend largely upon the issues tendered, these must first be stated. In the original petition plaintiff alleged:

That on or about the . . . day of February, 1909, the defendant orally engaged the plaintiff to draw and prepare for defendant's use plans and specifications for the erection and completion of a dwelling house to be built upon lot 260 in Priest's addition to Shenandoah, Iowa; that defendant agreed to pay plaintiff for said services the sum of two and one-half percent of the cost of the building to be erected in accordance with the plans and specifications furnished; that in accordance with said agreement, plaintiff prepared and drew plans and specifications and delivered same to defendant; that the building erected in accordance with said plans and specifications would cost the sum of $3,000; that plaintiff had performed every requirement imposed upon him by said agreement; that he has made demand upon defendant for the agreed price, but that defendant has refused and wholly failed to pay the plaintiff said amount, or any part thereof, excepting that plaintiff owes defendant the sum of $1.95 on account, which amount plaintiff has credited on this claim.

Defendant filed an answer in which, after denying generally, he pleaded the following:

Defendant admits that on the . . . day of February, 1909, the defendant and plaintiff entered into an oral agreement as set forth in plaintiff's petition by which agreement the plaintiff was to furnish plans and specifications for the erection and completion of a dwelling house, as stated therein, said plans and specifications to be com-

pleted within sixty days after said contract was entered into and to be for a house which was not to cost in total over $3,000 after completed and delivered to defendant; and the defendant was to have the privilege of submitting said plans and specifications to contractors before finally accepting said contract. For, further defense defendant states that the said contract was not performed by the plaintiff or executed in any manner in accordance therewith; that the plaintiff did not complete or deliver to the defendant the said plans and specifications until on or about the 1st day of June, 1909; and that said plans and specifications then furnished him were not such as to constitute a performance of said contract; and that defendant never accepted them as such. That at the time the contract was entered into, the defendant stated to the plaintiff that it was very necessary for him to have the plans and specifications in his hands within sixty days thereafter; and that time is an element of this contract. That the plans and specifications were not drawn in a good and workmanlike manner, were absolutely useless to the defendant, for the purpose for which he had contracted to have them made; that they were negligently and without proper attention drawn by the plaintiff, who must have known that they were useless to defendant; and that in no manner did the plaintiff perform his part of said contract.

In addition to this he pleaded a counterclaim which need not be set out. In a reply plaintiff

Admits that the plans and specifications referred to in his petition and defendant's answer were to be furnished and ready for delivery within sixty days after said contract was entered into and admits that originally and at the beginning of the conversation and arrangement it was understood that said plans should be for a dwelling house not to exceed $3,000, but avers that he furnished a number of rough sketches to the defendant, all of which houses could have been built at a cost not in excess of that amount. Plaintiff further avers that from said sketches defendant selected a plan that in a general way met his approval, but suggested that the plaintiff make changes therein and additions thereto. That in accordance with said sugges-

tions plaintiff made changes in the original plan or sketch, but informed the defendant that such changes would add to the cost of the building completed. During the process of preparing and deciding upon the plans and specifications, defendant made numerous and various suggestions of changes to be made, all of which plaintiff made, and defendant approved of. That finally plaintiff presented to defendant a pencil sketch embodying the first sketch and the changes and additions suggested by plaintiff, which defendant approved and accepted, and ordered plaintiff to proceed and complete the plans and specifications in accordance therewith at once. That plaintiff proceeded with the work and copied from said pencil sketch regular, printed blue prints and prepared specifications to meet the wishes expressed by defendant. Plaintiff denies that defendant was to have the privilege of submitting said plans and specifications to contractors before finally accepting the same, and denies that there was any understanding or agreement that time was of the essence of the contract, and states the only mention of time was that defendant wanted the plans within sixty days.

Thereafter and during the trial of the case plaintiff, over defendant's objections, filed an amendment to his petition in which he alleged:

Plaintiff says that the oral contract set out in his petition required that he should furnish plans and specifications for a building to cost not over $3,000. That the defendant waived this limit of cost by requiring the plaintiff to make changes and additions to the original sketch, which was for a building which would have cost from $2,500 to $3,000. That plaintiff informed defendant that all these changes and additions would add cost to the house when completed. That defendant informed plaintiff that he wanted a house to suit him and his wife. That defendant directed plaintiff to complete said plans and specifications with said changes and additions. Plaintiff says that he promised to have said plans and specifications ready by April 1, 1909, if he could only.

These were the issues made by the pleadings and upon

which the verdict was returned and the judgment rendered. Something like fifteen errors are assigned, but the argument is confined to ten and many of them are so closely related that they may be disposed of without separately considering all the points made.

I. The only dispute as to the original contract had reference to the question as to whether or not the plans were to be submitted to a contractor before final acceptance. This was affirmed on one side and denied on the other, and the issue thus presented was for the jury.

II. Plaintiff claimed that he performed all the terms of the contract by him to be performed, save such as were waived by defendant, and that when waived he complied with defendant's requests in the matter. Defendant denied this, and his counsel now claims that plaintiff did not perform, because he did not furnish specifications for the foundation of the house. This plaintiff admits, but he says that defendant told him to omit this from his specifications. To this last testimony defendant objected, for the reason that plaintiff had not pleaded a waiver of this item. There is no merit in this contention. It was a fair question for the jury to determine what was to be included in the specifications, for there was no written agreement covering the matter, and the parties did not agree except by inference as to what was to be included in these specifications. Defendant now contends that they were to be for a dwelling house complete, including foundation, while plaintiff says that, while this ordinarily might be so, in this case the foundation was eliminated by express agreement. In such case no pleading of waiver was necessary. The testimony was admissible for the purpose of showing what the contract in fact was. Doubtless evidence of custom was admissible, but custom will not prevail over an express contract. There was no error here.

1. CONTRACTS: pleadings: waiver.

III. Again, it is argued that plaintiff in effect ad-

mitted that the house could not have been built according to his original plans for $3,000, and that no matter what the subsequent changes he (plaintiff) can not recover in this action. A sufficient answer to this is plaintiff's claim and testimony to the effect that the cost limit was abandoned, and that defendant told him (plaintiff) that he wanted a house which would suit him and his wife, no matter what the cost. We think the pleadings properly raised this issue and justified the admission of plaintiff's testimony. Moreover, this is a complete answer to defendant's contention as to the cost limit. The judgment in this case was for $73.05; adding thereto the item of $1.95 allowed on the counterclaim, it will be seen that defendant suffered no prejudice in this respect, in any event, for plaintiff was allowed two and one-half percent on a building costing $3,000.

*2. Same: evidence: prejudice.*

IV. Defendant further claims that the testimony does not show a delivery of the plans within the time fixed, or within a reasonable time after completion, even if the time limit were waived, and, as we understand it, says that the plans and specifications were never delivered or offered to him. A jury was justified in finding that the time limit was waived, and that plaintiff completed the final plans and specifications within a reasonable time. Moreover, a jury was warranted in finding that plaintiff delivered the plans to defendant who took them away with him, and that thereafter defendant returned the plans to plaintiff's office and said that he could not use them because he had discovered that it would cost too much money to build after them. Moreover, there was testimony to the effect that defendant changed his mind after giving his directions to plaintiff regarding the plans and specifications, and placed his lot in the hands of an agent for sale. These facts relieved the plaintiff from making a tender or from doing anything farther in the matter.

*3. Same: performance: waiver.*

V. Defendant's complaint that he was not allowed to show a custom among architects to include specifications for a foundation in making house plans is without merit, because of an admission made during the trial, and for the further reason that custom will not prevail over an express contract.

VI. Plaintiff was permitted to prove, over defendant's objection, that when defendant objected to the cost he (plaintiff) offered to cut out certain things included in the specifications and to scale down the cost. There was no error here. *Marquis v. Lauretson,* 76 Iowa, 23. Nothing further need be said regarding rulings on evidence.

VII. Some of the instructions are complained of. Those challenged read as follows:

5. The plaintiff on his part claims that he has fully complied with said contract as to all provisions therein, except such provisions as he claims to have been waived, as hereinafter referred to, and if you so find, your verdict should be for the plaintiff, while, on the other hand, if you find that plaintiff has failed to comply with the provisions, not waived as hereafter explained, then your verdict should be for the defendant.

6. One of the provisions of said contract was to the effect that the plans and specifications should be prepared and furnished within sixty days, but it appears from the evidence that there were subsequent changes and modifications of the original sketch and design. You are therefore instructed that strict compliance within a specified time was thereby waived and plaintiff would have a reasonable time to prepare and furnish such plans and specifications after the last of such changes and modifications had been agreed to.

7. Another one of the provisions of said contract was to the effect that contemplated building as first designed in accordance with the proposed plans and specifications should not exceed the sum of $3,000 but it appears from the evidence that there were certain subsequent changes and modifications of the original sketch or design, incur-

ring additional expense agreed to by the parties, and in regard thereto you are instructed that to the limit of cost of the proposed building, as first designed, should be added the cost of the changes and modifications which the parties agreed to, and if you find that the proposed building could not be built for $3,000 and what you find would be the reasonable costs of all additions and changes from the original design added thereto, then there would be a failure to comply with the contract on the part of plaintiff, and your verdict should be for the defendant.

These are complained of because it is said that they assume as true certain matters which were in dispute. It is true that instructions 6 and 7 do make certain assumptions of fact, but the record shows these to be true in fact and admitted by defendant's wife, so that there was no dispute in the testimony regarding the matter.

6. INSTRUCTIONS: assumption of facts.

Further claim is made that there should have been a verdict for defendant under the seventh instruction, and that for the same reason a motion for a directed verdict for him should have been sustained. The exact claim is that according to plaintiff's own testimony the house as originally planned could not have been built for $3,000. The instruction was undoubtedly more favorable to defendant than he was entitled to, but the jury was bound to treat it as the law of the case and if the testimony were as defendant claims, there should have been a verdict for defendant.

7. SAME: law of the case: duty of jury.

However, the record shows a dispute in the testimony upon this proposition. There was testimony to the effect that without the changes the original building planned could have been built for approximately $3,000, and for less than that sum without the foundation. Doubtless we would have arrived at a different conclusion on this issue, but there was enough to take the case to a jury, and with its conclusion we should not interfere.

8. APPEAL: verdict upon conflicting evidence.

VIII. Misconduct of counsel is relied upon. It is said that the plans and specifications were not introduced, but that plaintiff's counsel used them in his argument before the jury and otherwise erred in making reference thereto. The trial court was justified in finding on the showing made that plaintiff's counsel's version of the matter is correct. That is as follows: "That in my first address I made no mention whatever of the plans other than to referring to them as they lay upon the table and placed my hands upon them, and to say: 'These plans were prepared in good faith on the order of the defendant and they should be paid for,' or words to that effect. I deny that I ever opened or presented or showed said plans to the jury during either address, but I do admit that I called the jury's attention to the fact that the plans and specifications were prepared by the plaintiff, that he delivered them to the defendant, and the defendant took them out of the office and used them to secure bids, and that no question was ever raised as to whether or not they were good plans, as I had a perfect right to do under the evidence; but no plans or specifications at any time during either of my addresses to the jury were exhibited or held up before the jury; that I do admit that it may be possible that I laid my hands upon them (the plans and specifications) on the table by way of reference. I deny that I waived them before the jury, and I deny that I continually called the attention of the jury to them in any other way than by fair comment upon the evidence. I admit that I stated the specifications required oak floors, as testified to by the plaintiff, and that the plaintiff offered to defendant to revise the specifications specifying cheaper finishing, and I stated to the jury, as the evidence shows, that the kind of finishing specified would have a material bearing upon the cost of the building. I admit that I had the plans marked, 'exhibits,' and that I did not offer them

*9. NEW TRIAL: misconduct: review.*

in evidence even at the request of defendant." Manifestly there is no such showing here as would justify a reversal. As the showing of misconduct was wholly by affidavit and the trial court made no express finding as to what was said, it is doubtful if the record with reference to this matter presents any question for our consideration; but, in any event, as the trial court overruled the motion for a new trial, we must assume that he found the truth to be as stated in the affidavit from plaintiff's counsel.

No prejudicial error appears, and the judgment must be and it is *affirmed*.