CARLSTEN-WILLIAMS COMPANY, Appellee, v. MARSHALL OIL COMPANY, Appellant.

**APPEAL AND ERROR:** Review—Questions of Fact, Verdicts, and Findings—Directed Verdict. On an appeal from a directed verdict, the inquiry is not whether the losing party is entitled to a directed verdict, but whether the appellant had a question for the jury.

**CUSTOM AND USAGE:** Evidence—Single Witness Sufficient. A custom may be established by the testimony of a single witness.

**CUSTOM AND USAGE:** Knowledge of Business and Markets—Presumptions. A party dealing in a trade market is presumed to know all the customs of that market bearing upon the transaction in question, and parties engaged in a particular trade or business, or with those engaged in such a business, may be presumed to have knowledge of the uniform course of that business. One party may, therefore, be bound thereby, though ignorant, unless it appears that the other party knew that he was ignorant.

**CUSTOM AND USAGE:** Payment of Freight. Evidence reviewed, in an action for price of goods sold, where the buyer claimed a deduction for freight paid, in accordance with a custom allowing the buyer the freight, where the invoice is silent thereupon, and *held* that, under the custom and contract, the court erred in directing a verdict for the full purchase price.

**SALES:** Construction of Contract—Delivery—Payment of Freight. The rule by which delivery to the carrier in some circumstances becomes delivery to the buyer does not govern on the question of who shall pay freight, even though the purchaser has designated what carrier shall be employed.

**SALES:** Actions and Remedies of Seller—Action for Purchase Price—Burden of Proof. In an action for the purchase price of goods sold, where the plaintiff alleges that there were no credits, counterclaims, or set-offs, and that the full purchase price is due and unpaid, and the defendant denies that the amount claimed in the petition is the correct amount due, and, in addition, makes general denial of all claims, except that the goods were sold and delivered, plaintiff has the burden of proving that the original purchase price was due, and that the defendant is entitled to no set-offs or credits.

SALES:   Actions and Remedies of Seller—Action for Purchase Price
7  —Payment of Freight as Set-off.   Evidence reviewed, in an action for the purchase of goods, and held not so conclusive as to show, as a matter of law, that plaintiff had discharged its burden of proving that no set-off was due for freight paid, and that it was a question for the jury whether a tender made was refused merely because the parties disagreed on who should pay the freight.

SALES:   Actions and Remedies of Seller—Action for Purchase Price
8  —Prepayment of Freight.   In an action for the sale of goods, where there was an issue as to whether the freight should be deducted from the amount the buyer was to pay, and the jury could find there was no agreement as to who was to pay the freight, and the trade custom as to the payment of freight was involved, it was improper to exclude evidence that the seller had the very goods delivered to him, freight prepaid, as it had some bearing on whether there was an understanding as to whether the buyer should be repaid the freight advanced by him.

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

SEPTEMBER 26, 1919.

THE appellant purchased rubber tires of the appellee. This is a suit for the purchase price.   The difference between the parties is on the claim of appellant that freight paid for the transportation of these tires should be deducted from the purchase price, and that tender with such deduction has been made and refused.   A verdict for the full amount of the purchase price was directed against the defendant, and it appeals.—*Reversed.*

*C. H. E. Boardman,* for appellant.

*C. F. Maxwell,* for appellee.

SALINGER, J.—I.   This being an appeal because a verdict was directed, we do not inquire whether the losing party is entitled to a directed verdict, but determine only

whether appellant had, at the least, a question for a jury. *Ney v. Eastern Iowa Tel. Co.*, 185 Iowa 610. If, under the evidence, the jury could find that the appellee was bound to pay the freight on the goods bought of it by appellant, and could find that a tender of the amount due with such freight charge deducted was in proper form, then there must be a reversal. It follows that, if enough remains in the record to make it a question for the jury whether appellant was entitled to an allowance of said freight charge, and whether tender by it was in proper form, it becomes unnecessary to pass upon assignments by appellant complaining of exclusions of testimony. One thing attempted by appellant was the establishment of a trade custom. One position by the appellee is that custom cannot prevail against an express contract (citing *Bowell v. Draper*, 149 Iowa 725, 730), and that evidence of custom cannot defeat or vary the express terms of a contract (citing *Steele v. Andrews & Sons*, 144 Iowa 360, 364; *Farmers & M. Bank v. Wood Bros.*, 143 Iowa 635). If the jury could find there was no express agreement as to who should pay the freight, then a finding by it that, by general custom, the appellee was to pay this freight would, manifestly, not be in conflict with any express contract or express terms in any contract. If the evidence warrants a jury in finding that, under the custom of the trade, the appellee was to pay this freight, the law will award appellant an allowance for that freight charge. Such custom may be established by the testimony of a single witness. *Jones v. Herrick*, 141 Iowa 615. Evidence of custom is receivable where either technical phraseology of some profession or occupation is involved, or where common words are used in a technical sense. *Cash v. Hinkle*, 36 Iowa 623. A party

**1. APPEAL AND ERROR: review: questions of fact, verdicts, and findings: directed verdict.**

**2. CUSTOM AND USAGE: evidence: single witness sufficient.**

dealing in a trade market is presumed to

**3. CUSTOM AND USAGE: knowledge of business and markets: presumptions.** know all customs of that market bearing upon the transactions in question. *Smith & Son v. Bloom*, 159 Iowa 592, at 600. Parties who are engaged in a particular trade or business or accustomed to deal with those engaged in a particular business may be presumed to have knowledge of the uniform course of that business, and one party may be bound thereby though ignorant, unless it appear that the other party knew he was ignorant. . 3 Encyc. of Evidence 953. The case of *Holtz v. Peterson*, 98 Iowa 741, indicates strongly that, where an agreement is made in knowledge of a known custom, this creates an agreement to perform according to that custom, because there is a presumption that the parties contracted with reference to the known custom.

This brings us to the controlling question: the state of the evidence. The jury could find there was no express agreement as to which party should pay the freight; that there was no sale f. o. b. at any desig-

**4. CUSTOM AND USAGE: payment of freight.** nated point; that it was agreed the seller should place the goods bought with a common carrier at Chicago for delivery of same at the branch house of the buyer (appellant) in Sioux Falls, South Dakota; and that it is the trade custom that, in such circumstances, the buyer could deduct the freight paid, from the purchase price. As one witness puts it, where the invoice is silent, "that would be the common way tires are sold by everybody." And there is testimony as follows:

"It don't show on the invoices f. o. b. Chicago or f. o. b. Sioux Falls. Of course, I took it that rule applied, and we deducted the freight. It don't say whether it was to be allowed or was not to be allowed." And: "Well, it was the custom of all tire dealers, if there are 100 pounds or more, the freight is allowed."

In testimony given to explain why complaint was not made more promptly, the witness said that, because he thought that to be the custom, he assumed that the claim would not be challenged, and that, therefore, there was no occasion for hurry in asserting it. A witness for plaintiff was asked to assume that the tires were to be delivered at Sioux Falls, and to say, that being assumed, whether it would not then be for the buyer to pay the freight and deduct it from paying for the goods. Objection to this was overruled, and the witness finally answered what, fairly construed, means that, if this be assumed, the buyer would have the right to such reimbursement.

While it is stipulated that there is nothing in the correspondence, telegraphic or otherwise, to show that plaintiff was to make delivery at Sioux Falls, there is evidence other than from said sources that it was agreed and understood that delivery should be made at that point.

It may be conceded that, upon all these matters, the testimony is in conflict, and that the jury could have found that the seller was not allowed the freight unless there was an express agreement to that effect. But the fact that there is such conflict, of course, cannot avail against a complaint that the court decided the question as matter of law. Nor is this right to have the jury pass upon the existence of the alleged custom the sole reliance of the appellant. There is testimony that, in the original negotiations, the appellee informed appellant it would sell at the same discounts appellant could obtain by buying direct from the factory on goods of the size which appellant finally bought, shipped "to any point you may designate, when sent by freight." There is testimony appellee asserted it was selling at ten per cent less than factory price, and testimony that, if appellant has to pay this freight, such goods would not be being sold as cheap as that.

Unless, then, it be because of an avoidance presently

to be noted, the court erred in taking from the jury whether appellee was to pay the freight charge.

## 1-a

Even if there was silence as to the place of delivery, delivery would be due at the residence of the buyer. The statute so provides. *Holtz v. Peterson*, 98 Iowa 741. Be that as it may, there was an abundance of evidence from which the jury could find an express agreement that the goods to be shipped from Chicago were to be delivered at the branch establishment of appellant in Sioux Falls. To sustain the holding of the trial court that; as matter of law, appellant was not entitled to be reimbursed for the freight, appellee urges that, where the purchaser directs delivery to a designated carrier, such carrier becomes the agent of the buyer, and that delivery to him is delivery to the buyer. Of course, that is good law. But is it relevant, where there is an agreement that delivery shall be made at the residence of the buyer, and the question is whether the buyer or the seller shall pay freight? If the naked fact that the buyer directs the seller what carrier to employ in transporting the goods to the home of the buyer settles that the buyer must pay the freight, then such direction to ship would have that effect although there was an express agreement that the seller should pay the freight. If the fiction of law by which delivery to a designated carrier works delivery to the buyer settles, as matter of law, which of them is to pay the freight charge, then this symbolical delivery would become an actual delivery at the place where the buyer resides, and the seller could never have the duty to pay freight if the buyer directed him what railroad to use for the shipment. Of course, that cannot be so. It has been held that delivery to the carrier is not delivery to the buyer where the seller is bound to deliver at the residence of the buyer, and that, in such case, the

5. SALES: construction of contract: delivery: payment of freight.

carrier is the agent of the seller. 35 Cyc. 195. We need not go so far as that. It suffices, for the purpose of this case, to hold that the rule by which delivery to the carrier in some circumstances becomes delivery to the buyer does not govern on the question as to who shall pay freight for the directed shipment. While, for some purposes, delivery to the designated carrier would become delivery to the buyer, this is not so with reference to which party is to pay freight. On that question, a direction to deliver to a certain carrier for shipment is not conclusive against the buyer. If it were, such direction to ship might, as seen, abrogate an express agreement as to who should pay the charge for the very carriage that the buyer had directed.

II. There is another reason why this was a case for the jury. The petition alleges "that there are no credits, counterclaims, or set-offs of any kind or character, as against said aggregate sum, to which the defendant is in any wise entitled, and that there is still due and owing to this plaintiff from said defendant, on account of merchandise sold as hereinbefore related, the aggregate sum of $3,785.88 * * * which said account is due and unpaid." So, appellee asserts, in effect, that no payment was made, and, at least, that no payment covering the amount actually due was made or offered. In answer, the defendant "denies that the amount claimed in the petition is the correct amount due from the defendant to the plaintiff," and in addition, makes general denial of all claims, except the one that the goods described in the petition were sold and delivered by plaintiff to the defendant. Now, in effect, this is a claim by plaintiff that the original purchase price is due, and that the defendant is entitled to no offsets or credits. Upon that proposition, the plaintiff has the burden of proof. See *Baldwin & Co. v. Moser,* 155 Iowa 410. In that case, we said:

6. SALES: actions and remedies of seller: action for purchase price: burden of proof.

"Plaintiff demands a recovery for the price of certain pianos. The defendant denies any indebtedness, and pleads payment. The testimony offered in support of the claim tends to show that defendant did order and receive the four certain pianos from the plaintiff. Indeed, he admits the purchase, but not the alleged price or terms, and there is some very indefinite showing as to the prices charged; but, so far as we are able to discover, * * * there is an entire absence of evidence that the claim is due and unpaid; or, if anything is due and unpaid, there is no proof of the amount or balance for which recovery should be had. That the burden of making such showing, by evidence tending to prove that something is due, and the amount thereof, is on the plaintiff, and that, failing so to do, there can be no recovery, even though the defendant has alleged payment of the claim and failed to offer any evidence thereof, is a well-established rule in this state. * * * Under this rule, and upon the record as here presented, the plaintiff was not entitled to a directed verdict."

In *Mohler v. Guest Piano Co.*, 186 Iowa 161, we held that where, as matter of law, a plaintiff who seeks recovery of payments made under a forfeited conditional contract owes something for use and depreciation while he had possession of the goods, the petition is demurrable unless, coupled with the claim for repayment of the total paid, it is alleged how much reduction the plaintiff is willing to make on account of such use and depreciation; that this is so though the contract itself makes no provision for an allowance on account of use and depreciation; and that, without some evidence on the point, the burden of proving that the obligation was unpaid *in toto* or in part was not discharged.

We are unable to hold that the evidence is so conclusive as that plaintiff has, as matter of law, discharged its burden to prove that no set-off for freight is due.

III. Appellee points out that, where a writing sells

on specified terms, and the buyer receives the article in accordance therewith, the contract is complete, and its construction is for the court.    Appellant does

7. SALES: actions and remedies of seller: action for purchase price: payment of freight as set-off.

not quarrel with this proposition, but well says it is inapplicable.    The complaint at this point is not that the court construed the contract, but that it construed it erroneously, by treating the sale as though there had not been an express agreement to deliver at Sioux Falls.    Appellant seeks to differentiate *Four Traction Auto Co. v. Hurni*, 170 Iowa 476.    But whether there is a difference need not be determined; because, at most, the case but declares what we have just held to be inapplicable.

IV.    Under the rule on review of testimony where a verdict is directed, we hold it was fairly a question for the jury whether the tender was sufficient in form, in the absence of objection to the form, and that the jury could have found that the tender made was refused merely because the parties disagreed on who should pay the freight.

V.    We find it indicated that the seller had these very goods delivered to him freight prepaid.    This was excluded for being immaterial.    But we think it has some bearing on whether there was an understanding that

8. SALES: actions and remedies of seller: action for purchase price: prepayment of freight.

the buyer should be repaid the freight advanced by it.    As having some bearing, see *Jones v. Herrick*, 141 Iowa 615, and *Smith v. Bloom*, 159 Iowa 592, at 600.    We say this as a guide on retrial.

For the reasons stated, the judgment below must be—
*Reversed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.