JOSEPH A. LATTNER v. INTERSTATE TELEPHONE COMPANY, Appellant.

**Sales:** TELEPHONE LINE; RIGHT TRANSFERRED. A bill of sale passing title to a line of telephone poles and wires and rights of way for the maintenance of the line as and where constructed, warranting the property to be free from incumbrance, that grantor has lawful authority to sell and also warranting against all lawful claims, is not a conveyance of the absolute right of perpetual maintenance as constructed, but of such right only as the grantor at the time possessed.

**Same:** ACTION FOR PRICE: PERFORMANCE OF CONDITION. In a suit on a due bill given in connection with a bill of sale containing a condition that the due bill shall be payable on delivery of certain material, it is necessary to show performance of the condition to support a recovery, unless the defendant is estopped to insist on performance.

*Appeal from Dubuque District Court.*— HON. M. C. MATTHEWS, Judge.

WEDNESDAY, JULY 3, 1907.

REHEARING DENIED MONDAY, DECEMBER 16, 1907.

ACTION to recover $500, the amount specified in a due bill given by defendant to plaintiff for the balance of the purchase price of a telephone system, on condition that it should be paid as soon as the terms of the bill of sale and contract of sale had been complied with. Defendant denied compliance on the part of plaintiff with the terms of the contract, and, by way of counterclaim, asked damages for breach of the contract of sale. At the conclusion of the evidence for the plaintiff, defendant moved for a directed verdict in its favor, which motion is overruled. At the conclusion of the evidence for both parties plaintiff's motion for a directed verdict on the due bill was sustained, and judgment was rendered accordingly. From the judgment defendant appeals.— *Reversed.*

*John B. Utt* and *Nathan E. Utt,* for appellant.

*J. L. Husted* and *S. B. Lattner,* for appellee.

McCLAIN, J.— On March 9, 1903, the plaintiff and the defendant entered into an agreement, by which the plaintiff agreed to sell and transfer to the defendant a certain telephone system and material and instruments on hand, or used in connection therewith, for a sum and price to be fixed by appraisers. The material part of this contract for the purpose of determining the present controversy is the following recital: " The sale to include telephone poles, lines, rights of way, and the right to maintain the lines and poles where the same are now constructed and maintained by first party, the assignment of all contracts for phones rented from first party, and the transfer of all telephone instruments and merchantable telephone material now on hand for use in connection with the telephone system of first party." The appraisers made a finding that the true value of the property to be transferred under the contract was $7,500, and attached a list of telephones and materials included in

the appraisement. Subsequently a bill of sale was executed by the plaintiff to the defendant, describing the property transferred as "all of the property and rights of certain telephone companies of which plaintiff was the sole owner, more particularly described and referred to in the contract of sale under and pursuant to which the property was appraised, and covering the property referred to in the appraisers' report," and further describing such property as: "A line of telephone poles and wires and telephone instruments and appliances, and rights of way for the maintenance of the line as now constructed, and where the same is now constructed and comprising a telephone system (more particularly described). Included herein are all the telephone instruments installed in connection with the system referred to, and telephone instruments not installed, and the rights of way for the maintenance and operation of the system, wherever the same or any part or parts thereof may now be located through or upon private property, and also all the material and items of property included in the inventory and appraisement, to which inventory and appraisement reference is hereby made, the appraisement being that made as hereinbefore stated, by the parties hereinabove named. The title to said property and possession thereof is hereby conveyed and vested in the said Interstate Telephone Company, and the undersigned grantor covenants and warrants that the property is clear and free from incumbrance, and that he has good and lawful authority to sell and convey the same, and hereby warrants the title thereto against the lawful claims of all persons whomsoever." In connection with the execution of this bill of sale the defendant executed and delivered to plaintiff the due bill on which this suit is brought, in the following terms: "Five hundred dollars of the consideration of $7,-500 recited in bill of sale is withheld, payable as soon as terms of bill of sale and contract or sale therein referred to shall have been complied with." Plaintiff alleges a full

compliance with the bill of sale, and asks judgment for the amount of the due bill.

Defendant denies that the terms of the bill of sale and of the contract of sale have been complied with, alleging that plaintiff has not conveyed to defendant the right of way on which to maintain the telephone poles and wires through several tracts of private property specifically described, and denies that plaintiff owned the right of way for the maintenance of telephone lines over such property; also denies that plaintiff delivered to defendant certain specified items of property covered by the description of the contract and bill of sale. And, by way of counterclaim, defendant asked damages against plaintiff for breach of contract as to transfer of the right to maintain the telephone line over such described property, and for failure to deliver the described items of property above referred to. By way of reply, plaintiff pleads estoppel as to the transfer of the right of way and settlement of all controversies between the parties, and denies the allegations of the counterclaim.

The sustaining of plaintiff's motion at the conclusion of the evidence for a directed verdict for the amount of the due bill makes it necessary to determine, first, whether there was any breach of the contract or the warranty in the bill of sale relating to the right of way to maintain plaintiff's telephone lines through certain premises upon which they were constructed; and, second, whether the items of property referred to in the pleadings were delivered to the defendant. And involved in the determination of these questions it is necessary to consider whether defendant had estopped itself from making complaint with reference to the right of way, and whether there had been a settlement as to the items of personal property which defendant alleges had never been delivered to it.

I. The question whether plaintiff transferred and delivered to defendant such right to maintain his lines as was contracted in the agreement, and warranted in the bill

of sale to be possessed and transferred by plaintiff, involves

1. SALES: telephone line: rights transferred.

a construction of the language of the contract and bill of sale with reference to the evidence introduced, which tended to show that over certain farms through which plaintiff's line passed plaintiff had only a permissive right to erect poles and run telephone wires, subject to be revoked at the pleasure of the owners, and that plaintiff did not have a right of way which would entitle him to maintain his line through these farms and go thereon to make repairs as against the objection of such owners. The evidence shows, however, that plaintiff's telephone lines were being maintained through these farms at the time of the sale, and that no objection to such maintenance by the owners of the farms had been made at the time of the sale, nor prior to the trial of the case. In short, the evidence shows a permissive right on the part of plaintiff to maintain his lines through these farms until the owners should make objection thereto, but no irrevocable license nor vested right in the plaintiff to maintain his lines. The contract was as to the transfer of " the right to maintain the lines and poles where the same are now constructed and maintained." The appraisers found the value of the property on the basis of this description of the right to main- tain the lines in the contract of sale, and the plaintiff in his bill of sale transfers to the defendant in accordance with the provisions of the contract and the appraisement, including " a line of telephone poles and wires,  .  .  .  and rights of way for the maintenance of the line as now constructed and where the same is now constructed," and warrants that " the property is clear and free from incumbrance, and that he has good and lawful authority to sell and convey the same," and further warrants the title thereto against the lawful claims of all persons whomsoever.

Conceding that plaintiff had a system of telephone lines in operation through these farms, and that his right was to continue to maintain and operate the lines until the owners

of the farms should withdraw the permission already given, did the plaintiff sell this permissive right which unquestionably was a right subject to sale and transfer, or did he undertake to sell an absolute and vested right to maintain his lines through these farms and to go thereon for the purpose of maintenance? The language of the contract, appraisement, and bill of sale is somewhat ambiguous, but we are unable to find that in any of these instruments an absolute right of perpetual maintenance is contemplated. It is the right which plaintiff has and which he might sell that he agrees to sell and does transfer, and this is the right on which the appraisers estimated the value of the line. If plaintiff was to transfer more than his existing permissive right, how much more was called for by the contract? Would conditions attached to the right to maintain the line through any particular piece of property constitute an incumbrance within the terms of the warranty? To what extent must plaintiff have had the right to go upon the property in the maintenance of his lines in order to constitute a compliance with the contract and the warranty? It is evident that, unless we construe the agreements of the parties as having reference to the right which plaintiff then had and which defendant must ascertain at its peril, then we have no guidance in these instruments for ascertaining what would be a compliance with the plaintiff's contract and warranty. In the light of the circumstances under which the transfer was made, and the nature of the property which plaintiff undertook to transfer, we hold that the contract and bill of sale contemplated only the right which plaintiff was enjoying at the time of the transfer, and to this extent we hold that plaintiff showed a compliance with the condition of the due bill so far as to entitle him to maintain action thereon, and that defendant failed to establish any right of recovery under its counterclaim for breach of the conditions of the contract and the warranty in the bill of sale.

II.   But the contract was also to deliver to defendant

certain instruments and material generally described, and more specifically set out by the appraisers in their finding; and we think it was incumbent upon the plaintiff, in support of his allegation that the conditions of the contract had been performed in order to entitle him to recover on the due bill, to show that such property had been delivered or tendered to the defendant. Plaintiff made no such proof, but moved for judgment in his favor at the conclusion of his evidence in chief, which consisted of the agreement, the appraisement, the bill of sale, and the due bill. These instruments did not show the performance by plaintiff of the conditions on which the due bill was to be payable. The due bill itself, which was executed in connection with the bill of sale, shows that something further was to be done by plaintiff, and he introduced no evidence whatever in chief that anything further had been done. The further evidence introduced on each side showed that, some time after the giving of the due bill, the defendant wrote a letter to plaintiff, advising him that in checking over the telephone property and materials certain articles specified in the appraisement list had not been delivered. Subsequently the plaintiff replied with a statement purporting to show that these items of instruments and materials had been used in various ways on the line, and had been thereby turned over to the defendant. But defendant never indicated in any way, so far as the evidence shows, its acceptance of or satisfaction with the explanation. As the burden of proof was on the plaintiff to show the performance of the conditions contemplated by the due bill in order to be entitled to recover thereon, there was, as we think, an entire failure of plaintiff to make out in this respect his cause of action. It is not necessary to determine whether the evidence sustained the affirmative allegations in defendant's counterclaim with reference to the nondelivery of these items of property called for by the contract and bill of sale. The court may have

2. SAME: action for price: performance of condition.

been justified in refusing to submit any issue raised with reference to defendant's counterclaim, but it was not justified in directing a verdict for plaintiff on the due. bill, unless there was some estoppel or settlement which concluded defendant in regard to the performance of the conditions.

III. An estoppel was pleaded by plaintiff in reply especially with reference to the right of plaintiff to maintain his lines. But, as we have found no breach of contract by plaintiff in this respect, this branch of the case requires no further consideration. As to the delivery of the instruments and materials described in the bill of sale by reference to the appraisers' report, we find nothing in the nature of an estoppel which would prevent the defendant from contending that such instruments and materials had not been received. We further find that there were no settlements between the parties covering the controversy with reference to the instruments and material. Defendant objected that it had not received certain specified items. Plaintiff attempted to satisfy defendant that these items had been in fact used for defendant's benefit in the repair or improvement of the line, which defendant had accepted. Defendant never conceded nor acknowledged the fact of such use or that it was by its authority. Under these circumstances the plea of settlement was not made out.

For the reasons above indicated, the court erred in directing a verdict for plaintiff, and the judgment is *reversed*.