HELM & VAN EMAN, Appellees v. HENRY LOVELAND, AND H. LOVELAND, HIS WIFE, Appellants.

**Sales:** ACTION FOR PRICE: BURDEN OF PROOF: INSTRUCTION. In a suit
1 on a contract it is incumbent on plaintiff to establish his case by a fair preponderance of the evidence; it is not necessary for defendant, to defeat recovery, to show by a preponderance of the testimony that the contract was as claimed by him.

**Instructions:** APPLICABILITY TO ISSUES. In an action upon a contract
2 to recover the price and for installing a furnace, to which defendant pleaded simply failure to perform and rescission of the contract, an instruction that plaintiff might recover the differ-

ence between the contract price and damages sustained by defendant, if any, was erroneous as not within the issues.

**Contracts:** RESCISSION: SUBSEQUENT PERFORMANCE. When a party has delayed his efforts to make an article sold comply with his contract, until the purchaser has been compelled to make other arrangements, the purchaser is entitled to rescind and is under no obligation thereafter to comply with a request for permission to remedy the defects.

*Appeal from Oelwein Superior Court.*—Hon E. L. Elliott, Judge.

WEDNESDAY, DECEMBER 11, 1907.

Action at law to recover the purchase price of a hot air furnace, for excavating therefor, and for certain merchandise sold and delivered. Defendants pleaded that the furnace did not comply with the terms of the contract, and that nothing was to be paid thereon unless it was satisfactory to them. Upon these issues the case was tried to a jury, resulting in a verdict for plaintiffs, and defendants appeal.— *Reversed.*

*James Cooney* and *A. J. Anders,* for appellants.

*Loren Risk* and *W. B. Ingersoll,* for appellees.

DEEMER, J.— Plaintiffs claim to have sold to and installed a hot air furnace for defendants in a house occupied by them, and from the petition we extract the following allegations material to the case: " That on or about October 29, 1905, the plaintiffs sold to the defendants one Hero furnace, and agreed to put the same into the house of defendants in Jefferson township, Fayette county, Iowa, and to do the work in a workmanlike manner. That plaintiffs erected and put into the house of the defendants said furnace in a workmanlike manner, and the same is sufficient to heat the said house sufficiently, and, is in perfect order and repair, and if properly operated will heat said house to the satisfac-

tion of any reasonable person. That after said furnace was completed a fire was built therein, and the defendants were satisfied and accepted the same." Defendants in answer pleaded that they "made a verbal agreement with the plaintiff to put in a furnace in their house sufficient to properly heat said house and to give satisfaction, and to dig a cellar sufficient to answer the purpose. Plaintiffs agreed to do all the work and furnish everything necessary to complete the heating plant at the agreed price of $125, and defendants were not to pay a cent unless said heating furnace gave satisfaction and warmed the house sufficiently; and it was also agreed that plaintiffs would remove the furnace and fixtures if after a reasonable trial the furnace did not give satisfaction, the trial of the same to be without any cost or expense to the defendants; that the plaintiffs undertook to put in the dwelling of the defendants a hot air furnace; that the same was made in an unskillful manner, and did not sufficiently heat said dwelling; that gas came from the same through the registers, and cinders came up from the smoke pipe, and the house was cold; that the defendants notified the plaintiffs of the defects, and that said work and furnace was not filling the contract, and requested them to fix the same; that plaintiffs refused and neglected to fix the same, and defendants were compelled to put up a stove to warm the house; that said furnace is worthless to the defendants, and plaintiffs have neglected to remove the said furnace as they promised to do." In reply plaintiffs denied the affirmative allegations of the answer and reaffirmed the statements made in the petition.

One of the plaintiffs, the one who made the contract with defendants, testified as follows: "Q. Did you tell him in that conversation that you would make him a heating plant that would give him satisfaction? A. Yes, sir; anyway we would heat all the rooms we connected the furnace to. Q. To his satisfaction? A. Yes; the agreement was, would

1. SALES: action for price: burden of proof: instruction.

make it satisfactory." Defendants' testimony was to the effect that the contract was that the furnace would heat the house, and that if it did not heat the same satisfactorily it would not cost them anything. There was also testimony to the effect that the furnace never did heat the house, that plaintiffs were notified of defendants' dissatisfaction therewith, and were asked to remove the same.

The trial court upon this record gave the following among other instructions: " (3) The burden of proof rests upon the plaintiffs, Helm & Van Eman, to establish by a preponderance of the evidence introduced that the furnace furnished by them and the work done in and about the placing of said furnace was done in good workmanlike manner, and that said furnace and work substantially complied with the terms of their contract. So, too, the burden of proof rests upon the defendant Loveland to establish by a preponderance of the evidence introduced the contract which he alleges was made and entered into by and between himself and plaintiff, Helm." This was erroneous, for the reason, that, in order to defeat the plaintiffs, it was not incumbent upon defendants to establish by a preponderance of the testimony the contract claimed by them. The burden was upon plaintiffs to establish their case by a fair preponderance of the testimony, and if they failed in this they were not entitled to recover. Defendants, to meet plaintiffs' case, were not required to establish another contract by a preponderance of the testimony. It was enough for them to introduce sufficient testimony to place the matter of the making of the contract alleged by plaintiffs in equipoise. If they did this, it was sufficient to defeat the action.

The trial court also gave the following instructions:

(10) It was the right of the defendants to have their contract with plaintiffs completed in substantial compliance with the terms thereof, and at the price agreed upon. If your verdict is for defendants on account of the failure of plaintiffs to comply with the contract agreed upon, you will

allow the plaintiffs the contract price agreed upon, less such sum as will compensate the defendants for the imperfection of said furnace, so that the defendants shall in this respect be made as good pecuniarily as if the contract had been strictly complied with, as shown by the evidence introduced. (11) If you find that the plaintiffs agreed to furnish said furnace as alleged by defendants, and that, as alleged by defendants, said furnace does not comply with said contract, and you further find from a preponderance of the evidence that said furnace throws off offensive gases and cinders, as alleged by defendants, you will then turn your attention to the damages claimed by defendants. You are further instructed that there is no exact rule of law as to the measure of damages in matters of this kind; but you are to allow to the defendants such an amount for damages, if you find that defendants were damaged, as in your judgment will reasonably repay defendants for the damages they have sustained, if any, in an amount not exceeding $125. . . . (13) Determine from the evidence introduced what amounts, if any, are due the plaintiffs, and add such amounts together. In like manner determine from the evidence introduced what amount, if any, you find the defendants entitled to as damages. Find the difference between these two amounts, and the difference, if any, will be your verdict.

**2. INSTRUCTIONS: applicability to issues.**

Defendants did not interpose a counterclaim; nor did they introduce any testimony as to damages suffered by them. The sole issues were the performance by plaintiffs of the contract made by them, and defendants' recission thereof because of the failure of the furnace to comply with the agreement. The instructions introduced issues not pleaded, and upon which there was no testimony, and could have had no other effect than to confuse and mislead the jury. They should not have been given.

It is also contended that the verdict is contrary to the evidence and the instructions as given by the court; and with this contention we are constrained to agree. Plaintiffs admitted that the agreement was that the heating plant, when put in, would be satisfactory to the defendants, and the un-

contradicted testimony shows that it was not satisfactory; that plaintiffs were notified of that fact, and failed to do anything toward remedying it until after defendants had abandoned its use and installed stoves for the purpose of heating their dwelling. At that time plaintiffs appeared and sought permission to remedy the defects, but this was re-fused and plaintiffs were requested to remove the furnace. Plaintiffs delayed their efforts to repair the furnace so long that defendants, having made other arrangements for heat-ing, were not obliged to grant them the request. On the record as it stands, we think there should have been a ver-dict for defendants.

3. CONTRACTS: rescission: subsequent performance.

For the errors pointed out, the judgment must be, and it is, *reversed.*