D. H. BALDWIN & Co., Appellee, v. L. F. MOSER, Appellant.

**Sales:** FRAUDULENT REPRESENTATIONS: EVIDENCE. In this action for the price of pianos the defendant pleaded that he was induced to purchase the same for resale on the strength of plaintiff's false representations that he had been successfully conducting word contests as a means of promoting sales by dealers, and he also counterclaimed for commissions on the sale of instruments, money paid for freight, advertising and other expenses. *Held*, that evidence that the representations concerning the success of previous contests were false was competent and should have been admitted, as constituting statements of fact and not opinion, and because competent in support of the counterclaim.

**Same:** BURDEN OF PROOF. Where the defendant admits the purchase

of goods but denies the price and terms as alleged by plaintiff and also denies any indebtedness, the plaintiff has the burden of proving the amount due and unpaid, although the defendant offers no evidence in support of the plea of payment.

**Pleadings:** INTERROGATORIES: FAILURE TO ANSWER. A party attaching interrogatories to his pleading is entitled to have them answered by the party to whom they are addressed, and to have answers volunteered by a stranger to the record excluded; and where volunteer answers have been made and stricken he is then entitled to have a certain day fixed for the filing of appropriate answers by the proper persons, and upon failure to so answer, in case the party in default is plaintiff, the defendant may have the action dismissed.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

FRIDAY, MAY 17, 1912.

ACTION at law to recover the price of four pianos alleged to have been sold the defendant. There was a directed verdict and judgment for the plaintiff, and defendant appeals.—*Reversed* and *remanded.*

*B. I. Salinger, Douglas Rogers* and *L. H. Salinger* for appellant.

*George W. Bowen* and *Lee & Robb* for appellee.

WEAVER, J.—The plaintiff sues to recover the price of four pianos alleged to have been sold the defendant. The defendant admits a purchase of the four pianos, but alleges payment therefor, and denies all allegations of the petition not admitted. He further pleads that the plaintiff by false and fraudulent representations induced him to enter a so-called "word-contest" devised by the plaintiff to stimulate the sale of its pianos; that plaintiff, in reliance upon said repre-

sentations, and in furtherance of said contest, did receive from defendant thirteen pianos and attempt to carry out the scheme in accordance with the plaintiff's plan; and that after disposing of four of said instruments he discovered that the so-called "contest" was a mere pretense by the means of which a fraud was to be perpetrated upon the purchasing public, and thereupon abandoned its further prosecution and returned the remaining nine pianos to the plaintiff, and now has no property of any kind belonging to the plaintiff left in his hands. He further alleges that the agreement upon which plaintiff relies is against public policy and void. By way of counterclaim the defendant restates the matters already pleaded in his answer, and further alleges that having been induced to enter said "word contest" scheme through the fraud and false representation of the plaintiff, and before he became aware of its true character, he expended a large amount of money for freight, advertising, and other reasonable and necessary expenses amounting to $339.27, which has been wholly lost, and he demands a recovery thereof from plaintiff in this action. For further counterclaim he alleges that plaintiff is indebted to him in the sum of $205 as commissions for piano sales made under a written agreement between the parties, which sum is due and unpaid. These counterclaims are denied by the plaintiff.

I. Among the alleged false representations by which plaintiff induced defendant to enter into the word contest and to give an order for the pianos was one to the effect

1. SALES: fraudulent representations: evidence.

that such contests held under plaintiff's direction had been uniformly successful, and that one recently held at the town of Walnut had brought about the sale of not less than twenty-five instruments. Upon the trial defendant, having shown that such representation had in fact been made by plaintiff's agent in persuading defendant to enter into the scheme, offered

evidence in support of the defense to show the falsity of the statement; but the court upon plaintiff's objection excluded it as incompetent, immaterial, and ir- relevant. This ruling is complained of by the appellant, and we think the exception must be sustained. Without taking time to consider or decide whether the offered show- ing would be admissible as tending to support the defensive allegations of the answer, we think there can be no doubt of its competent and material character as evi- dence in support of the counterclaim. The representation was material in character. It was not a mere statement of opinion, but of an alleged existing fact, which, if true, tended to assure the defendant of the practical working of the proposed contest and its value as a means of adver- tising the business and increasing the trade. If these representations were false, and defendant was thereby induced to enter into the arrangement and invest his time, labor, and money in a losing enterprise to his material injury, we think there is no rule of law to prevent his pleading and proving the fact in support of his counter- claim. He did plead the matter as a counterclaim, and the plaintiff joined issue thereon by denial. This made an issue upon which defendant having the burden of proof was entitled to offer pertinent evidence, and the denial of his right so to do was error.

II. It will be remembered that plaintiff demands a recovery for the price of certain pianos. The defendant denies any indebtedness and pleads payment. The testi- mony offered in support of the claim tends to show that defendant did order and re- ceive the four certain pianos from the plaintiff. Indeed, he admits the purchase but not the alleged price or terms, and there is some very indefinite showing as to the prices charged; but so far as we are able to discover from the record as presented, there is an entire absence of evidence that the claim is due and unpaid, or, if anything is due

2. SAME: burden of proof.

and unpaid, there is no proof of the amount or balance
for which recovery should be had. That the burden of
making such showing by evidence tending to prove that
something is due and the amount thereof is on the plaintiff,
and that failing so to do there can be no recovery, even
though the defendant has alleged payment of the claim and
failed to offer any evidence thereof, is a well-established
rule in this state. See *Garretson v. Bitzer,* 57 Iowa, 469;
*Howerton v. Augustine,* 130 Iowa, 393; *Harod v. Wine-
man,* 146 Iowa, 718. Under this rule, and upon the record
as here presented, the plaintiff was not entitled to a directed
verdict.

III. Much of the record and argument is given to
the matter of certain interrogatories attached to defend-
ant's pleading and directed to the plaintiff, or two persons
alleged to be in some way connected with
the plaintiff firm. These two persons filed
answer saying they had no personal knowl-
edge of the matters called for by the inquiry. On motion
of defendant these answers were stricken out and leave
given to file substituted answers. The substituted answers,
when filed, proved not to have been made by those to whom
the questions were directed, but by one Williams, who says
that he knows all about these matters and that the persons
of whom the inquiries were made have no knowledge con-
cerning them. On motion of defendant this verification
was also stricken out. Later there was an attempt made
to verify the answers by one Huston, and motion to strike
such verification was overruled, as was also a further
motion that plaintiff be held in default in the matter of
answering the interrogatories, and that because of such
default the right to further prosecute the action be denied.
It would seem from the record that this pursuit of inter-
rogatories and answers developed into a complicated game
of hide and seek between counsel until the court concluded.

**3.** PLEADINGS: interrogatories: failure to answer.

that the nearest road out of the difficulty was the safest and compelled the parties to proceed to trial.

Manifestly, however, the defendant was entitled to have his questions answered by the persons to whom they were addressed, and answers volunteered by another person until then unknown to the record were rightfully excluded. At that stage it was doubtless the right of defendant to demand that a day be fixed for the filing of appropriate answers by the proper persons, and that upon failure to do so the plaintiff's action would be dismissed. *Free v. Tel. Co.,* 135 Iowa, 69. Such relief was not asked by defendant, and we are not prepared to say that a reversal should be ordered because the court of its own motion did not enter such an order. We come to this conclusion the more readily from the fact that the matters called for by the interrogatories seem in great measure to have been elicited from other sources in the course of the further pleading and trial.

Other matters pertaining to the counterclaim and to rulings upon evidence have been argued by counsel; but it being apparent from the discussion already had that the judgment below must be reversed, and as these additional questions may not arise upon another trial, we shall not attempt their further consideration at this time.

For the reasons stated, the judgment of the district court will be reversed, and the cause remanded for a new trial.—*Reversed.*