WALTER J. McMILLAN, Administrator, Appellee, v. JAEGER MANUFACTURING COMPANY, Appellant.

**SALES: Action for Price—Conditions Precedent—Burden of Proof.**

1 Contracts *containing conditions precedent to plaintiff's right to recover at all,* impose on plaintiff the burden of proof to show affirmatively that such conditions were complied with and fulfilled.

PRINCIPLE APPLIED: A contract for the installation of a smokeless furnace provided: (a) That defendant should have 30 days in which to try the furnace; (b) if it did not prevent smoke to the satisfaction of the city smoke inspector, the vendor would remove it free of cost to vendee; (c) if it did prevent smoke to the satisfaction of said inspector, vendee was to pay one half the price on acceptance by said smoke inspector, and balance 30 days later. *Held,* vendor had the burden of proof to show that the smoke inspector had accepted the furnace.

**APPEAL AND ERROR: Reservation of Grounds of Review—Motion for Directed Verdict—Waiver.**

2 Motion for directed verdict, made at the close of plaintiff's evidence, followed by a request at the close of all the evidence for an instruction on the same point, properly preserves the error for review on appeal.

**SALES: Breach of Contract—Waiver.**

3 A vendee who has made timely objections, in accordance with the contract, to machinery purchased, does not waive the breach of the contract by continuing the plant in operation for a reasonable time, when vendee was under contract obligation to remove the machinery.

*Appeal from Polk District Court.*—LAWRENCE DeGRAFF,
Judge.

FRIDAY, SEPTEMBER 29, 1916.

ACTION at law to recover upon an alleged contract to equip and install a smokeless furnace in the factory of defendant. There was a trial to a jury and a verdict and judgment for plaintiff, and defendant appeals.—*Reversed* and *Remanded.*

*George Wambach,* for appellant.

*Coffin & Hippee,* for appellee.

WEAVER, J.—James McMillan, plaintiff's intestate, doing business under the name of James McMillan & Company, was engaged in the manufacture and installation of a device known as the McMillan smokeless furnace, and defendant was the owner and operator of a manufacturing plant in the city of Des Moines. By an ordinance of the city, owners of factories operated by steam power were required to so construct and use the same as to prevent the emission of dense smoke, and to that end they were further required to observe certain regulations concerning the construction of furnaces and smokestacks. On June 21, 1913, defendant gave McMillan & Company an order for a smokeless furnace. The order was in writing and bears evidence of being a form prepared by the plaintiff for that purpose. It reads as follows:

1. SALES: action for price: conditions precedent: burden of proof.

"James McMillan & Co.

Sole owners of

The McMillan Smokeless Furnace

| Guarantees: | | Specialists in |
|---|---|---|
| Smokelessness | | Smokeless combustion |
| Efficiency | (Gravity feed and | Furnace construction |
| Economy | direct type) | Boiler setting |
| Maintenance | | Grates, etc. |

Main office: 33 N. Market Street, Chicago,

June 24, 1913.

"Jaeger Manufacturing Co., Des Moines, Iowa. Gentlemen: We propose to equip one 72″ x 18′ H. R. T. boiler to be set in your new factory, Des Moines, Iowa, with the McMillan smokeless furnace direct type complete for the sum of $350 on the following conditions: We will allow you a 30 days' trial of this furnace, and if it does not prevent the smoke to the satisfaction of the smoke department of the city of Des Moines, we will remove it without cost to you. If after a trial of 30 days this furnace does prevent the smoke to the satisfaction of the smoke department of the city of Des Moines, we are to receive the above amount mentioned. We guarantee this furnace against any defects in material and workmanship for the term of two years. Terms of payment to be one half on acceptance by the smoke inspector, balance 30 days later.

"Respectfully submitted,
James McMillan & Co.,
Per Walter J. McMillan, Admr.,
Jaeger Mfg. Co.,
W. C. Jaeger, Pres."

Thereupon, plaintiff installed the device in defendant's factory, and this action was subsequently brought to recover the price named in the order. The pleadings are complicated by numerous amendments, but may be briefly stated as follows: Having set out the order, the petition alleges in general terms that plaintiff furnished the furnace and performed the work as provided for in the writing, and that it did perform its intended function of suppressing smoke to the "satisfaction of the smoke department of the city of Des Moines." It further alleges that plaintiff retained and used the device more than 30 days without complaint, and thereby waived its objections, if any it had. In answer to the claim so stated, defendant denies that it ever accepted the furnace or waived its objections thereto. It further alleges that

defendant gave the order upon the representation of plaintiff that the smokeless furnace was a practical device which could be made use of economically and without impairing the efficiency of the operating power, but that, on trial thereof, it was demonstrated that the furnace was inefficient in the production of steam, and could not be practically or economically operated. It is further alleged that, upon discovering these defects, and within the period of 30 days, defendant notified plaintiff thereof and requested the removal of the furnace from the premises. Defendant denies plaintiff's allegation of performance of its contract, and specifically denies that the smokeless character of the furnace was ever passed upon or approved by the city of Des Moines.

I. Appellant makes the point that the burden was upon plaintiff to show affirmatively the approval of the job by the proper city authorities, and that in this respect there was entire failure of proof. The proposition so

2. APPEAL AND ER-
ROR: reserva-
tion of grounds
of review: mo-
tion for directed
verdict: waiver.

relied upon was made the basis of a motion at the close of plaintiff's evidence for a directed verdict in defendant's favor. The motion was denied, and appellee now argues that, by failing to renew the motion at the close of the trial, the objection was waived. But the record does show that, when the evidence was all in, defendant asked the court to instruct the jury that plaintiff could not recover without proof of the approval of the furnace by the city authorities. This was, in substance and effect, a renewal of the motion, and no waiver thereof appears. The court did not tell the jury in express terms which party had the burden of proof under the pleadings upon this particular question, but the substance and effect of what it did say was to place it upon the defendant. In other words, it was held incumbent on the defendant to show that the furnace as made and installed was not satisfactory to the city. In this ruling, we are disposed to hold that the court erred. The order sued upon was made subject to these express conditions: First, there should be a 30 days'

trial use of the furnace; second, if upon such trial the furnace did not prevent the smoke to the satisfaction of the smoke department of the city, plaintiff was to remove it without cost to the defendant; third, payment was to be made, one half on acceptance by the smoke inspector, and the remainder in 30 days thereafter. In other words, by the express stipulation of the parties, no part of the purchase price was to become payable until there was an acceptance by the smoke inspector. Such approval is thereby made a condition precedent to plaintiff's right to recover, and the jury should have been so told. The error might be passed as without prejudice, if the record showed with reasonable clearness the fact of such acceptance or approval by the proper authority, but in this respect the evidence is lacking, or at best is very indefinite and uncertain. The city ordinance to which reference has been made, after forbidding the use of furnaces or smokestacks emitting dense smoke, provides for the appointment of a smoke inspector and for obtaining in advance his approval of the plans and specifications of furnaces installed. Upon such approval's being given, the inspector is required to issue a permit for the performance of the work and to oversee its construction. The smoke inspector is required to keep in his office a complete record of all permits issued and all examinations made and certificates issued. It is also required that he make and keep charts indicating the volume of smoke emitted from the stacks under inspection. On the trial below, the only evidence offered on this feature of the case was that of one Clement, who, at the time of the trial, was smoke inspector for the city. The witness was not inspector at the time the work was done by plaintiff, and had no personal knowledge concerning the matter. The only paper or record produced by him was a loose or detached card or chart, entitled "Record of stack readings of furnace owned by Yeager Mfg. Co." It was dated "9/24," but does not in any manner indicate the year when made. On the other side of the card is a series of blank squares numbered 1 to 60, each of which is filled wholly or

in part by lead pencil markings, followed by the words, ''Test began 9 A. M. date 9/24 by ——————.'' At the bottom of the page is an additional blank as follows: ''——————, Smoke Inspector.'' It is not signed or certified by the inspector, and the name of the owner mentioned is not the name of the defendant. The witness thinks it is a record of stack readings of defendant's furnace in the year 1913, but is unable to so testify. His only knowledge of the matter is that he found this card among the office papers when he took the position. He neither found nor produced any plan or specifications for the work or the record of any permit issued or certificate of approval. He says the office has no record of the defendant's furnace or its installation except this card. There is evidence that McCord, who was inspector at the time, knew that the work was being done and was about the premises from time to time and gave some advice with respect to the matter, but no one pretends to say that the plans or specifications were ever presented to or filed with him or that the work when done had his approval. The conclusion is inevitable that the evidence is insufficient to constitute an affirmative showing that the contract declared upon has ever been performed.

This conclusion does not, as appellee seems to think, involve or suggest a rule that the seller of warranted goods suing to recover the agreed price is bound to negative any breach of the warranty. Such breach, if any, is ordinarily a matter of defense or counterclaim, the burden of alleging and proving which is upon the buyer. Here, however, the plaintiff declares upon an express contract, by which it is agreed that the price should become due and payable only upon the installation of a furnace which should accomplish a certain result to the satisfaction of the city's inspector, and it cannot recover upon such contract without a showing of performance in substantial accordance with its terms. The difference is well noted in *Hoffman v. Independent Dist. of Hampton*, 96 Iowa 319, 322, where the court placed the burden on the defendant

to allege and prove a breach of warranty; but in the same connection it recognized the other rule, that parties to a contract to furnish or supply machinery may well stipulate as to its character, quality or capacity, in such manner that affirmative proof of performance in that respect becomes a condition precedent to a recovery of the price.

II.    The views expressed in the foregoing paragraph necessitate a remand of the cause for new trial, and, while several other exceptions are argued,—especially as to rulings upon the evidence,—some of which we think are well taken, the objections are likely to be obviated upon a retrial, pursuant to the law as already stated, and we shall take no time for their more particular statement or discussion.

III.    It is argued by appellee with much confidence that the record shows the defendant to have retained the property beyond the period of 30 days before making complaint, and thereby to have waived the right to complain that the contract was not performed. But there is evidence fairly tending to show that defendant made its objection to the plaintiff concerning the operation of the furnace within the prescribed period. It was not incumbent on the defendant to remove or return the furnace, for that is what plaintiff agreed itself to do. If plaintiff, being so notified, neglected or refused to remove it, defendant was not required to cease to use its factory while waiting a reasonable time for plaintiff to appear and take the furnace away. Whether defendant did waive its defense is one of the issues presented by the pleadings, but the facts with reference thereto are not such that we may dispose of it as a matter of law.

3. SALES: breach of contract: waiver.

For the reasons stated, the judgment below is reversed, and cause remanded to the district court for a new trial.—*Reversed.*

EVANS, C. J.; DEEMER and PRESTON, JJ., concur.