CLYDE DRAGER et al., appellees, v. CARLSON HYBRID CORN COMPANY, INC., appellant.

No. 48649.

(Reported in 69 N.W.2d 58)

958

March 8, 1955.

Rehearing Denied May 6, 1955.

Mallonee & Mallonee, of Audubon, for appellant.

Jones, Cambridge & Carl, of Atlantic, for appellees.

Hays, J.—This is the second appeal in this case. See Drager v. Carlson Hybrid Corn Co., Inc., 244 Iowa 78, 56 N.W.2d 18. Since the facts are set forth at length therein, a brief statement here will be sufficient.

Plaintiffs are experienced growers of hybrid seed corn. The defendant has been for years engaged in the business of processing and selling hybrid seed corn for seed purposes. Plaintiffs allege that in 1948, by oral agreement, they agreed to sell and defendant agreed to buy all seed corn raised by plaintiffs during that year, at the price of $3.50 per bushel; that 3290 bushels were delivered to defendant for which they have received $2000. Judgment is asked for $9515 with interest. The defendant's answer, filed in February 1950, was in effect a gen-

eral denial. By amendment, filed in May 1950, by way of a counterclaim, the making of an oral contract for corn and the receipt of 3290 bushels is admitted and that the agreed price was $3.50 per bushel. Defendant however alleges that the plaintiffs under an implied warranty agreed that the corn would be fit for sale as seed corn; that 1410 bushels were unfit for that use, and asks damages against plaintiffs.

At the close of all of the testimony, the court directed the jury to return a verdict for plaintiffs for the amount asked in the petition, and submitted to the jury defendant's counterclaim. There was a verdict for the plaintiffs on the counterclaim. From the judgment thus entered the defendant has appealed.

Two errors, in substance, are assigned: (1) The contract, being oral and in dispute as to the terms thereof, presented a jury question and directing a verdict for the plaintiffs was error; (2) incorrect instruction as to the counterclaim.

I. On the original trial the court at the close of all of the testimony directed a verdict for the plaintiffs on their cause of action and also as to the defendant's counterclaim. This was held to be error and the case was reversed. The opinion states at page 85 of 244 Iowa: "If there was an implied warranty * * * (and that was a question for the jury), there is substantial evidence much of it [corn] did not comply with the warranty. Defendant had the right to set up against plaintiffs the breach of warranty by way of recoupment in diminution of the price." At page 88 we said: "It was error to direct a verdict for plaintiffs for the full amount of their claim." In other words it was held on the former appeal that defendant was entitled to have the jury pass upon the terms and meaning of the oral contract and, if found to be as claimed by defendant, to be entitled to a determination of the amount of recoupment it was entitled to receive.

On the trial of the instant case the court in effect held that plaintiffs were entitled to the full contract price of $3.50 per bushel (admitted by defendant) for the 3290 bushels received by defendant (also admitted by defendant) *unless,* due to an implied warranty as claimed by defendant, plaintiffs had not performed their contract in full. In this event there might be

a recoupment. This is what was held on the former appeal. The real question, under this assignment, goes to the method adopted by the trial court. Assuming, for the moment, the correctness of the instructions, was this procedure prejudicial to the defendant? We think not.

Kelly v. Emary, 242 Iowa 683, 45 N.W.2d 866, is very like the instant case except that there the contract was written and here it is oral—a distinction that we deem inconsequential, under the peculiar facts of this case, or at least nonprejudicial. In the Kelly case the answer was in two divisions: (1) while admitting the giving of the check, pleaded a warranty and breach thereof; (2) was a counterclaim based upon the existence of a warranty and breach thereof. The court directed a verdict for plaintiff upon the check at the close of all of the testimony and before the submission of the counterclaim to the jury. Such procedure was held to be proper. Here, as the court held there, every question raised either as a defense or way of recoupment was submitted to the jury. It, of necessity, involved the meaning of the oral contract. What is said at page 692 of 242 Iowa, we think applies here:

"Defendant feels that in some improper way the jury was given an impression adverse to his counterclaim thereby. It occurs to us that it could as reasonably be argued that the jury, knowing that plaintiff was to recover the full amount of his claim, if convinced of the justice of defendant's cause would thereby be stimulated to increase the allowance on the counterclaim."

The burden was upon the defendant to plead and prove the warranty and breach thereof. Hoffman v. Independent District of Hampton, 96 Iowa 319, 65 N.W. 322. That burden was not appreciably increased, if any, by the procedure adopted by the trial court. We find no error under this assignment.

II. Appellant further assigns as error the giving of Instruction No. 8. In this instruction the court told the jury an implied warranty depended upon two facts: (1) Knowledge by the seller that the article was to be used for a particular purpose; (2) reliance by the buyer on the seller's special skill and judgment. It then said: "In regard to the first of these, the

evidence is undisputed that the plaintiffs knew the particular use to which the corn was to be put by the defendant. In regard to the second of these, the evidence is in dispute. You are instructed that if you find that the defendant-corporation did not rely on the skill or judgment of the plaintiffs, then the defendant is not entitled to recover." The objection to the instruction is that the record shows without dispute that the defendant did so rely. No objection is made to it as an abstract legal proposition.

As to the first fact the record clearly shows that the plaintiff Drager admitted such knowledge and there is not a word or circumstance that tends to disprove this admission. As to the second fact the record is different. True, Elmer Carlson, who made the oral contract upon the part of the defendant, states that he relied thereon; this is clearly a self-serving statement, and though proper it is not as conclusive as is an admission against interest. Furthermore, the record contains many circumstances and statements tending to show otherwise. There was clearly a dispute of fact upon this question and it was for the jury to decide. See Drager v. Carlson Hybrid Corn Co., Inc., supra, 244 Iowa 78, 56 N.W.2d 18.

While the procedure adopted here is somewhat unusual, we fail to find wherein it violates any statutory requirements or whereby defendant has been deprived of a full and fair consideration by the jury of its alleged implied warranty, its only defense asserted.

Finding no error, the judgment is affirmed.—Affirmed.

WENNERSTRUM, C. J., and SMITH, MULRONEY, THOMPSON, and LARSON, JJ., concur.

GARFIELD, BLISS and OLIVER, JJ., dissent.

GARFIELD, J. (dissenting)—I respectfully dissent from Division I of the majority opinion and its approval of the trial court's direction of a verdict for the full amount of plaintiffs' claim—$11,377 in all.

Plaintiffs' petition alleges an oral contract under which they were to grow and sell to defendant seed corn at the agreed

price of $3.50 per bushel, plaintiffs grew and delivered to defendant 3290 bushels "of said corn (i.e., seed corn) * * * and duly performed all the conditions of said oral contract on their part", defendant has refused to pay for same except that $2000 was paid, "defendant is thereby indebted to plaintiffs for $9515 with interest." As the majority states, defendant's answer is in effect a general denial. Defendant later filed a counterclaim for breach of implied warranty of quality in the sale of the corn in that 1410 bushels of the corn plaintiffs delivered were unfit for resale as hybrid seed corn.

There is no dispute that plaintiffs delivered 3290 bushels of corn and 1880 bushels were fit for seed. Plaintiffs are entitled to recover the contract price of $3.50 per bushel for the 1880 bushels. But there is a sharp dispute whether the remaining 1410 bushels were fit for seed or could fairly be called seed corn at all. There is substantial evidence that as much as 1410 bushels were totally unfit for seed, did not qualify as seed corn, and were worth only $1.25 per bushel for feeding purposes, which amount defendant was willing to pay plaintiff.

At the conclusion of defendant's evidence plaintiffs moved for a directed verdict for the full amount of their claim on the ground it was established by the uncontroverted evidence that the contract was made and plaintiffs "duly performed all conditions thereof on their part * * * and the evidence is so clear and unequivocal a jury could find in no other fashion." The court sustained the motion over the resistance of defendant's counsel that its general denial and the evidence were "sufficient to make a jury question as to whether the alleged contract was performed according to its terms." This contention was made several times in the trial court and is renewed here.

Just before instructing the jury the trial court announced "With reference to plaintiffs' claim the court has determined it would be right and proper that plaintiffs have a verdict in their favor for the 3290 bushels of corn delivered to defendant, at the contract price of $3.50 per bushel." The jury foreman was directed to sign a verdict for plaintiffs upon their claim in the amount of $11,377.

The first instruction to the jury, which followed immedi-

ately, fully sets out the allegations of plaintiffs' petition including the statement that plaintiffs delivered to defendant 3290 bushels "of said corn (i.e., seed corn) * * * and duly performed all the conditions of said oral contract on their part." The second instruction starts, "The court has disposed of all issues in this case except that of defendant's counterclaim." The jury was then instructed with reference to the claim for breach of implied warranty. The burden was properly placed on defendant to establish its counterclaim by a preponderance of the evidence.

Defendant first assigns error in the direction of a verdict against it for the full amount of plaintiffs' claim. Its first proposition is "When an oral contract is asserted and the evidence as to the terms *and performance* thereof is in conflict, the questions of fact so presented are usually for the jury." The majority inaccurately states the first assigned error is "The contract, being oral and in dispute as to the terms thereof, presented a jury question and directing a verdict for the plaintiffs was error." The vital dispute is over performance of the contract declared upon by plaintiffs. As stated, they allege they delivered 3290 bushels *of seed corn* to defendant, "duly performed all the conditions of said oral contract on their part", and "defendant is thereby indebted to plaintiffs for $9515 with interest."

Notwithstanding defendant's counterclaim for breach of implied warranty of quality, plaintiffs had the burden to prove by a preponderance of the evidence the above material allegations of their petition as to performance, denied by defendant's answer and disputed in the evidence. Defendant's filing its counterclaim or its right to go to the jury thereon did not entitle plaintiffs to a directed verdict for the full amount of their claim in the face of defendant's general denial and substantial dispute in the evidence as to plaintiffs' performance. Defendant had as much right to have the disputed issue of plaintiffs' performance properly submitted to the jury as if it had filed no counterclaim.

It cannot be seriously contended it appears conclusively or as a matter of law that plaintiffs duly performed their part of the contract in full. We have recently held a dozen times or more that in the absence of an admission by his adversary

it is not often that one who has the burden on an issue establishes his claim as a matter of law. Davis v. Knight, 239 Iowa 1338, 1343, 35 N.W.2d 23, 26, and citations; Nichols v. Kirchner, 241 Iowa 99, 103, 40 N.W.2d 13, 16, and citations; Ruble v. Carr, 244 Iowa 990, 993, 59 N.W.2d 228, 230, and citations.

The authorities make it clear plaintiffs had the burden under the controverted allegations of their petition, before they were entitled to recover the full amount of their claim, to prove they substantially performed their part of the contract by delivering 3290 bushels of corn that qualified as seed corn. I think it is plain they assumed that burden by alleging delivery of 3290 bushels of seed corn, that they duly performed all conditions of the contract and defendant is thereby indebted to them for $9515.

46 Am. Jur., Sales, section 604, says: "A plaintiff in an action on contract for goods sold and delivered is bound to prove such a sale and delivery as will raise a debt payable on request."

78 C. J. S., Sales, section 450b, page 86, states regarding the burden of proof in an action by a seller who seeks to recover the contract price: "It is incumbent on a party to prove every material allegation which has been made by him and denied by the adverse party, and which is necessary to establish his cause of action or defense, such as allegations with respect to * * * substantial performance of, or full compliance with, the contract, * * *."

Idem, section 450c(2), page 88, says: "Where * * * a general denial is pleaded, it has been held proper to introduce * * * evidence that deliveries or shipments were not in conformity with the contract or that the goods or articles delivered were not the ones purchased or ordered.

"Under some, but not other, authorities, defects in the quality of the property may be shown under a general denial; and it has been held error to exclude evidence offered under a general denial and tending to show that the goods do not conform to specifications; * * *."

Our decisions make it clear it may be shown in Iowa, under a general denial by the buyer, the goods did not conform with the contract. Huffman v. Hill, 245 Iowa 935, 938, 65 N.W.2d

205, 206, an equity action to recover the balance due under a contract to furnish labor and materials with a denial and cross-petition by defendants to recover for plaintiff's failure to perform the contract in a workmanlike manner, states: "The burden rested on plaintiff to prove performance of the agreement declared upon by him [citations].

"* * * 'Generally equity is somewhat less strict than law in requiring performance by one who seeks to enforce a contract.' "

Central Wisconsin Supply Co. v. Johnston Bros. Clay Works, 194 Iowa 1126, 1132, 190 N.W. 961, 963, was an action by the seller to recover the contract price of coal. The answer was in effect a denial. The opinion says: " * * * to entitle plaintiff to recover, it has the burden of showing a full, complete, and substantial performance of the contract on its part. The mere existence of a contract gives no right of action. Such rights exist only when the plaintiff has performed or duly tendered performance on his part. * * * proof of performance * * * must show a delivery or offer to deliver the thing ordered: 'two-inch Harrisburg, Ill., lump coal.' * * *. To make a prima-facie case, as against defendants' denial, the burden is on plaintiff * * * to make affirmative showing of its own performance, or tender of performance; * * *."

In the case just cited there had been no delivery of the coal for which the seller sought to recover the price. But the law set out in the opinion is fully applicable here. These plaintiffs did not perform their contract by growing and delivering corn suited only for feeding purposes. It cannot be contended as a matter of law that defendant accepted all the corn delivered to it as seed corn in compliance with the contract. What we said in William Kelly Milling Co. v. Strand Baking Co., 213 Iowa 852, 853, 239 N.W. 568, 569, is pertinent here: "It is true that the baking company received the first shipment, but it by no means follows that it accepted it as flour of the quality purchased."

In Carlsten-Williams Co. v. Marshall Oil Co., 187 Iowa 80, 86, 173 N.W. 903, 906, the seller sued to recover the sale price of rubber tires. The petition alleged there were no credits or

setoffs to which defendant was entitled and there was still due and owing plaintiff from defendant for the merchandise sold the aggregate sum of $3785.88 which was due and unpaid. The answer was a denial. The opinion states, "Now, in effect, this is a claim by plaintiff that the original purchase price is due, and that the defendant is entitled to no offsets or credits. Upon that proposition, the plaintiff has the burden of proof. See Baldwin & Co. v. Moser, 155 Iowa 410."

McMillan v. Jaeger Mfg. Co., 177 Iowa 599, 604, 605, 159 N.W. 208, 209, was an action to recover the price of a furnace installed in defendant's factory under a written contract providing for payment if the furnace complied with certain requirements. The petition alleged plaintiff furnished the furnace and performed the work as provided in the contract. Defendant denied plaintiff's allegation of performance of its contract. We held the plaintiff had the burden to prove performance of its contract and it was reversible error to instruct the jury defendant had the burden to prove the furnace was unsatisfactory. This from the opinion is applicable here:

"The conclusion is inevitable that the evidence is insufficient to constitute an affirmative showing that the contract declared upon has ever been performed.

"This conclusion does not, as appellee seems to think, involve or suggest a rule that the seller of warranted goods suing to recover the agreed price is bound to negative any breach of the warranty. * * * The difference is well noted in Hoffman v. Independent Dist. of Hampton, 96 Iowa 319, 322, where the court placed the burden on the defendant to allege and prove a breach of warranty; but in the same connection it recognized the other rule, that parties to a contract to furnish or supply machinery may well stipulate as to its character, quality or capacity, in such manner that affirmative proof of performance in that respect becomes a condition precedent to a recovery of the price."

In Lattner v. Interstate Tel. Co., 136 Iowa 687, 693, 694, 112 N.W. 653, 655, the seller sued to recover the balance of the purchase price of a telephone system for which it had given defendant a bill of sale. Plaintiff alleged full compliance with the

bill of sale. Defendant denied such compliance and counterclaimed for damages for failure to deliver some of the items involved. The trial court directed a verdict on plaintiff's petition and we reversed the judgment thereon. The opinion says:

"As the burden of proof was on the plaintiff to show the performance of the conditions contemplated by the due bill in order to be entitled to recover thereon, there was, as we think, an entire failure of plaintiff to make out in this respect his cause of action. It is not necessary to determine whether the evidence sustained the affirmative allegations in defendant's counterclaim with reference to the nondelivery of these items of property called for by the contract and bill of sale. The court may have been justified in refusing to submit any issue raised with reference to defendant's counterclaim, but it was not justified in directing a verdict for plaintiff on the due bill, unless there was some estoppel or settlement which concluded defendant in regard to the performance of the conditions."

Helm & Van Eman v. Loveland, 136 Iowa 504, 507, 113 N.W. 1082, 1084, was an action by the seller to recover the price of a furnace. The petition alleged the furnace had been installed in a workmanlike manner. The answer alleged the furnace was defective and not in fulfillment of the contract he claimed was entered into. We reversed the judgment because the instructions to the jury placed an undue burden of proof on defendant. We pointed out, "The burden was upon plaintiffs to establish their case * * * and if they failed in this they were not entitled to recover."

In Baldwin & Co. v. Moser, 155 Iowa 410, 414, 136 N.W. 195, 196, cited with approval in Carlsten-Williams Co. v. Marshall Oil Co., supra, 187 Iowa 80, 86, 173 N.W. 903, 906, plaintiff sued to recover the price of pianos sold defendant. Defendant admitted he purchased and received the pianos, alleged payment therefor, denied all allegations of the petition not admitted and counterclaimed for fraud in the transaction involving the pianos and for commissions to defendant in reselling them. We reversed a judgment for plaintiff on a directed verdict. The opinion states "That the burden * * * to prove that something is due and the amount thereof is on the plaintiff, and that failing so to do there can be no recovery, even though the defendant has alleged pay-

ment of the claim and failed to offer any evidence thereof, is a well-established rule in this state [citations]. Under this rule, and upon the record as here presented, the plaintiff was not entitled to a directed verdict."

Brenton Bros. & Leach v. Hill, 197 Iowa 125, 130, 196 N.W. 947, 949, was an action to recover a balance of the purchase price of certain bonds. The dispute in the evidence was whether the bonds had been paid for. The answer was a general denial. In affirming a verdict and judgment for defendant we said:

"This court is firmly committed to the rule that, in actions upon contract where the breach relied upon for a recovery is a failure to pay according to the terms of the contract, and nonpayment is alleged, the burden is upon plaintiff to establish such nonpayment, even though the defendant has pleaded payment. It necessarily follows that, in such a case, the defendant may, under a general denial, and in the absence of a plea of payment on his part, controvert the allegation of nonpayment by showing payment, at least at or before maturity. This is nothing more than disproving plaintiff's allegation of a breach. It is not, under the statute, a defense which admits the facts set up in the petition but by some other or new matter seeks to avoid their legal effect, but is merely contesting by proof an allegation of the petition which plaintiff must sustain before he can recover. * * *

"The doctrine announced is peculiarly applicable to the facts of this case. The plaintiff sued for the balance alleged to be unpaid of the purchase price of the bonds. To recover, it must establish the fact of an unpaid balance, or a breach of defendant's contract to pay. The defendant had a right to meet this allegation and proof by a denial, * * *."

Under the above cited decisions as to what a seller must prove in order to recover the balance of the purchase price, where the buyer interposes a general denial to the seller's allegations of performance, plaintiffs here had the burden to prove at least that the corn they seek to recover for was seed corn. They surely did not discharge this burden by uncontroverted evidence as to the 3290 bushels and they were not entitled to a directed verdict for the full amount claimed. To warrant a reversal on

defendant's first assigned error it is not necessary to invoke the rule, usually applied upon appeal from a directed verdict, that it is our duty to view the evidence in the light most favorable to the party against whom the ruling was made.

There is nothing in our opinion upon the prior appeal of this case that authorized a directed verdict for the full amount of plaintiffs' claim. Indeed I think such ruling and the majority's approval of it are contrary to that opinion which, of course, became the law of the case. We there said, page 88 of 244 Iowa, page 24 of 56 N.W.2d:

*"Plaintiffs were not obligated to sell nor defendant to buy any corn except such as was fit for hybrid seed.* Had plaintiffs delivered only corn of such quality defendant would have had no defense to an action for the contract price thereof. Indeed defendant has no defense to this action *insofar as the contract price is claimed for corn that is fit for hybrid seed.* Defendant's only complaint arises because of plaintiffs' attempt to recover the contract price for corn that was unfit for the purpose for which it was purchased. * * *

*"It was error to direct a verdict for plaintiffs for the full amount of their claim.—Reversed.* All JUSTICES concur." (Emphasis added.)

The main reliance of the trial court, the plaintiffs and the majority of this court seems to be upon Kelly v. Emary, 242 Iowa 683, 45 N.W.2d 866. The trial court apparently felt the Kelly case required or at least justified its ruling. Kelly v. Emary does not support the ruling or Division I of the majority opinion. It was an action on a check defendant gave plaintiff for the purchase of hogs.

"Division I [of the answer] admitted the making and delivery of the check, and that the check had not been paid. Further, this division of the answer alleged that the check was given in payment for * * * hogs, which plaintiff warranted to be free from any infectious disease * * *. Breach of the warranty was pleaded * * *.

"Division II of the answer pleaded a counterclaim, based upon the same claimed breach of warranty, * * *.

"* * * the trial court directed a verdict for the plaintiff upon the check, with interest." (Page 686 of 242 Iowa, page 868 of 45 N.W.2d.)

In the Kelly case the counterclaim was submitted to the jury which returned a verdict for defendant thereon of $350. Defendant appealed, evidently because he was dissatisfied with the amount of his recovery. His assignments of error centered "around the action of the court in directing a verdict for the plaintiff upon Count I of his petition." (Page 687 of 242 Iowa, page 869 of 45 N.W.2d.)

In affirming the cited case we pointed out that defendant had the burden to prove the breach of warranty alleged in both divisions of his answer, that no other defense was pleaded, that "submission of the counterclaim gave the defendant the benefit of every issue that could have been litigated upon his answer to the petition; that no undue burden was placed upon the defendant thereby; and that, if any greater burden was laid upon him by submission of the issues in his counterclaim in this manner instead of, or together with, his answer, no prejudice resulted, because the jury found for him upon the counterclaim, thereby demonstrating that he had carried the burden, whatever it may have been." (Page 692 of 242 Iowa, page 872 of 45 N.W.2d.)

In Kelly v. Emary, supra, there was no denial of plaintiff's claim as there is here. On the contrary, as stated, the making, delivery and nonpayment of the check on which the action was brought were admitted. The only defense was the affirmative one of breach of warranty on which defendant had the burden of proof, under both his answer and his counterclaim. No burden rested on Kelly. He was entitled as a matter of law to recover unless Emary established the breach of warranty pleaded by him. Further, if the court's instructions placed any undue burden upon defendant he was not prejudiced thereby because the verdict for him on his counterclaim demonstrated he carried the burden. The inapplicability of Kelly v. Emary here should be apparent.

I would reverse.

Bliss and Oliver, JJ., join in this dissent.